UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

ATLANTIC FOREST PRODUCTS LLC,

        Plaintiff,

vs.

JOHN ABELL CORPORATION,

        Defendant.
_____/

## COMPLAINT

Plaintiff, Atlantic Forest Products LLC ("AFP" or "Plaintiff"), by its attorneys Rivkin Radler LLP, submits the following as and for its Complaint against Defendant John Abell Corporation ("JOHN ABELL" or "Defendant").

### PRELIMINARY STATEMENT

1. This is a simple case involving JOHN ABELL's wrongful repudiation of a contract for the sale of goods and refusal to accept delivery of said goods, in particular, lumber products, that it contracted to buy. After the sale was made with "No cancellations," AFP began shipment of the goods, but JOHN ABELL refused to take delivery for the sole reason that the price of lumber had dropped. However, AFP already paid for those goods (at the then-market cost) and is entitled to get paid on its contract as a price drop is not grounds for a party to walk away from its contractual obligations. Yet, that is what JOHN ABELL did, leaving AFP "holding the bag."

### PARTIES

2. Plaintiff AFP is a Maryland limited liability company with a principal place of business in Baltimore, Maryland, whose members are as follows:

      a. John A. Chisholm, who is domiciled in and a citizen of Maryland.

      b. Robert Hettinger, who is domiciled in and a citizen of Maryland.

      c. Christopher McCarthy, who is domiciled in and a citizen of Maryland.

3. Upon information and belief, Defendant JOHN ABELL is a Florida corporation with a business address of 10500 SW 186 Street, Miami, FL 33157.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action under diversity principles pursuant to 28 U.S.C. § 1332 and other appropriate rules, regulations, statutes, and ordinances.

5. The amount in controversy exceeds $75,000.00.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) and (c) as JOHN ABELL maintains its principal place of business in this district.

## FACTUAL BACKGROUND

7. AFP is in the business of selling and distributing building materials, lumber, and supplies.

8. Upon information and belief, JOHN ABELL is a residential and commercial building supplier specializing in lumber, metal stud, ceiling and wall products serving large or small quantity orders.

9. The parties' relationship began on or about January 14, 2008, when JOHN ABELL engaged AFP to provide wholesale building materials, hereinafter, "goods and supplies."

10. JOHN ABELL also sought to purchase goods from AFP on credit and submitted a Commercial Credit Application to AFP. JOHN ABELL received a line of credit, the total of which varied at times.

11. To utilize its line of credit and purchase goods, JOHN ABELL would submit purchase orders to AFP and then would receive invoices by email at michelle@johnabellcorp.com after billing was processed for the goods and supplies it purchased.

12. The purchase orders specified the goods and supplies JOHN ABELL purchased, the price of the goods and supplies, and directed JOHN ABELL to provide payment within 15 days of its receipt of the invoice and JOHN ABELL would receive a 2% discount on the invoice for timely payment.

13. On or about April 27, 2021, JOHN ABELL and AFP entered into a contract by which AFP agreed to sell and deliver, and JOHN ABELL agreed to accept and buy a certain amount of plywood for the price of $498,336.00.

14. Specifically, on or about April 27, 2021, JOHN ABELL created and submitted to AFP 12 purchase orders (Purchase Order Nos. 243321, 243322, 243323, 243324, 243325, 243326, 243327, 243328, 243316, 243317, 243318, and 243320) (the "Purchase Orders") for the purchase of 5/8-inch and 3/4-inch plywood. *See* annexed hereto a copy of the Purchases Orders as **Exhibit "A."**

15. On the same day, AFP replied via email to JOHN ABELL that "we cant [sic] cancel these one [sic] they are entered. Disclaimer**** firm orders, no cancellations allowed, Please confirm you understand this policy**** I cant [sic] confirm orders until you confirm disclaimer." JOHN ABELL replied, "Understood!" *See* annexed hereto a copy of the April 27, 2021 email exchange as **Exhibit "B."**

16. Thus, pursuant to the terms and conditions of the contract, AFP was to supply 5/8-inch and 3/4-inch plywood to JOHN ABELL for the contract price of $498,336.00 as called for in the Purchase Orders.

17. Also, pursuant to the terms and conditions of the contract, JOHN ABELL expressly "[u]nderstood" and agreed that it could not cancel its orders.

18. The applicable contract was for the sale of goods, governed by the Uniform Commercial Code ("UCC"). *See* Fla. Stat. Ann. § 672.102.

19. In accordance with the terms and conditions of the contract, AFP purchased the necessary amount of plywood to be, in turn, sold and delivered to JOHN ABELL.

20. On June 29, 2021, JOHN ABELL requested that AFP release shipment of the plywood pursuant to the Purchase Orders. AFP confirmed that it would release shipment and that the plywood would begin shipping by the end of the following week.

21. However, on the next day, June 30, 2021, JOHN ABELL attempted via email to renegotiate a lower price of the plywood due to price changes of the material.

22. AFP never agreed to any modification of the contract price.

23. Despite the clear and unambiguous terms of the contract, JOHN ABELL attempted to cancel all 12 Purchase Orders on July 13, 2021 via email. That same day, AFP rejected JOHN ABELL's notice to cancel, citing the "no cancellation" terms of the contract.

24. AFP urged JOHN ABELL to retract its claimed cancellation.

25. In performing its obligations under the contract, AFP shipped one of the 12 orders the week of July 19, 2021, but JOHN ABELL refused delivery of that shipment, and in addition, JOHN ABELL refused to accept delivery of the remaining 11 shipments.

26. On the date of tender, July 28, 2021, the market value of the 5/8-inch and 3/4-inch plywood under the Purchase Orders was $221,760.00, which represents a $276,576.00 loss from the contract price.

27. AFP has also incurred incidental damages from the storage of the plywood in an amount no less than $2,700.00.

28. As a direct result of JOHN ABELL's repudiation of the contract by cancelling the plywood order and refusing delivery, AFP has suffered a loss of no less than $279,276.00.

29. Alternatively, if this measure of damages is inadequate to put AFP in as good position as performance would have done, AFP seeks lost profits, including incidental damages, pursuant to § 672.708(2), Fla. Stat.

30. All conditions precedent to the bringing of these claims have been satisfied, performed, excused or are futile.

## COUNT I
### BREACH OF CONTRACT – WRONGFUL REJECTION OF GOODS
### § 672.708, Fla. Stat.

31. AFP incorporates by reference the averments of Paragraphs 1 through 30 above as though the same were fully set forth herein.

32. JOHN ABELL which sought to purchase goods from AFP on credit, completed a Commercial Credit Application (the "Application"), and submitted same to AFP.

33. On April 27, 2021, JOHN ABELL created and submitted the Purchase Orders to AFP for certain plywood.

34. AFP informed JOHN ABELL that it could not cancel the Purchase Orders under any circumstances and that JOHN ABELL must acknowledge this disclaimer before the Purchase Orders would be confirmed by AFP.

35. JOHN ABELL confirmed its understanding of the cancellation disclaimer, and the Purchase Orders were confirmed.

36. Upon confirmation that the Purchase Orders could not be cancelled, AFP and JOHN ABELL entered into a contract by which AFP agreed to sell and deliver, and JOHN ABELL agreed to accept and buy, a certain amount of plywood for the contract price of $498,336.00.

37. AFP performed all of the conditions of the contract to be performed on AFP's part. During the week of July 19, 2021, AFP was ready and willing to deliver the goods covered by the contract, and duly tendered the first shipment of goods to JOHN ABELL.

38. JOHN ABELL attempted to cancel the Purchase Orders and refused to accept the goods or to pay for them pursuant to the contract.

39. On the date of tender, the market value of the goods was $221,760.00.

40. AFP has been damaged by JOHN ABELL's attempted cancellation and refusal to accept the goods in the amount of $276,576.00.

41. AFP has also incurred incidental damages in an amount no less than $2,700.00.

42. Alternatively, if this measure of damages is inadequate to put AFP in as good position as performance would have done, AFP seeks lost profits, including incidental damages, pursuant to § 672.708(2), Fla. Stat.

43. Accordingly, AFP demands Judgment against JOHN ABELL in the amount to be determined at trial but no less than $279,276.00.

## COUNT II
## PROMISSORY ESTOPPEL
### (In the Alternative)

44. Plaintiff incorporates by reference the averments of Paragraphs 1 through 43 above as though the same were fully set forth herein.

45. For the purposes of this Count, AFP alleges, in the alternative, in the event it is determined that there was no applicable contract or contractual provision, or that the promises made were outside of and for actions by the parties that were not covered by any existing contract otherwise referred to and that the UCC is inapplicable.

46. JOHN ABELL made a promise not to cancel the Purchase Orders under any circumstance.

47. At the time it made its promise, JOHN ABELL reasonably expected to induce action on the part of AFP to purchase the plywood to be sold and delivered to JOHN ABELL.

48. AFP took action by purchasing the plywood to be sold and delivered to JOHN ABELL in reliance on JOHN ABELL's promise.

49. As a result of JOHN ABELL's attempted cancellation of the orders and refusal to accept delivery, AFP is in possession of plywood that has significantly decreased in value, resulting in an injustice.

50. Accordingly, AFP demands Judgment against JOHN ABELL in the amount to be determined at trial but no less than $279,276.00.

**WHEREFORE**, Plaintiff ATLANTIC FOREST PRODUCTS, LLC, demands that a Judgment be entered in its favor:

A. On the First Cause of Action against JOHN ABELL CORPORATION, for compensatory damages in an amount to be determined at trial but not less than $279,276.00,

together with interest, costs, and such other relief the Court deems just and proper and alternatively, for lost profits, including incidental damages; and

  B. On the Second Cause of Action against JOHN ABELL CORPORATION, for compensatory damages in an amount to be determined at trial but not less than $279,276.00, together with interest, costs and such other relief the Court deems just and proper.

Dated: September 15, 2021.

          By: /s/ *Kevin C. Kaplan*
            Kevin C. Kaplan, Esq.
            Florida Bar No. 933848
            kkaplan@coffeyburlington.com
            lperez@coffeyburlington.com
            service@coffeyburlington.com
            COFFEY BURLINGTON, P.L.
            2601 South Bayshore Drive, Penthouse One
            Miami, Florida 33133
            Telephone: (305) 858-2900
            Facsimile:  (305) 858-5261

            *Attorneys For Plaintiff*
            *Atlantic Forest Products LLC*